# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| DIRECTIONAL ADVERTISING SOLUTIONS, INC., d/b/a DAS GROUP, a Florida corporation, | ) ) ) | Civ. No. 0:24-cv-60450-MD |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| JAL EQUITY CORP, a Nevada corporation, and ERAN SALU, individually | ) ) ) |  |
| Defendants. | ) ) |  |

## DEFENDANTS' MOTION TO DISMISS

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... 2

**INTRODUCTION** ...................................................................................................................... 3

**FACTS** ........................................................................................................................................ 4

**ARGUMENT** .............................................................................................................................. 5

    I.    DAS Fails to State a Misrepresentation Claim Based on An Omission Because DAS Does Not (and Cannot) Allege That JAL or Salu Owed Any Duty to Disclose ..... 7

    II.    DAS Fails to State a Misrepresentation Claim Based on An Affirmative Misrepresentation Because The Misrepresentations DAS Alleges Contradict the Express Terms of the Parties' Fully-Integrated APA ............................................... 8

    III.    The Misrepresentation Claims Fail to Satisfy the Heightened Pleading Requirements of Rule 9(b) ..................................................................................... 11

**CONCLUSION** ........................................................................................................................ 12

# TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................ 5

*Behrman v. Allstate Ins. Co*, 388 F.Supp. 2d 1346 (S.D. Fla. 2005) ............................................. 7

*Broward Motorsports of Palm Beach, LLC v. Polaris Sales, Inc.*, 2018 WL 1072211 (S.D. Fla. 2018) ....................................................................................................................................... 7

*Cisneros v. Petland, Inc.*, 972 F.3d 1204 (11th Cir. 2020). ......................................................... 10

*Cooper v. Blue Cross and Blue Shield of Florida, Inc.*, 19 F.3d 562 (11th Cir. 1994) ................ 10

*Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283 (S.D. Fla. 2007) ................................ 8

*Honig v. Kornfeld*, 339 F.Supp. 3d 1323 (S.D. Fla. 2018) ........................................................... 6

*Kurimski v. Shell Oil Co.*, 570 F. Supp. 3d 1228 (S.D. Fla. 2021) ............................................... 6

*Linville v. Ginn Real Estate Co., LLC*, 697 F.Supp.2d 1302 (M.D. Fla. 2010) ........................... 8

*McGee v. JP Morgan Chase Bank, NA*, 520 Fed. Appx. 829 (11th Cir. 2013) .......................... 11

*Milana v. Eisai, Inc.*, 8:21-CV-831-CEH-AEP, 2022 WL 846933 (M.D. Fla. 2022) ................ 10

*Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230 (11th Cir. 2008) ................................................... 6

*Quintana v. Countrywide Home Loans, Inc.*, 09-20427-CIV, 2009 WL 10668318 (S.D. Fla. 2009) ....................................................................................................................................... 8

*Scaturro v. Seminole Cas. Ins. Co.,* 542 F.Supp. 2d 1290 (S.D. Fla. 2008) .............................. 10

*Temurian v. Piccolo*, 2019 WL 1763022 (S.D. Fla. 2019) .......................................................... 7

**Florida State Cases**

*TransPetrol, Ltd. v. Radulovic*, 764 So.2d 878 (4th DCA 2000) ................................................. 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 3

Fed. R. Civ. P. 9(b) ...................................................................................................................... 5

Defendants JAL Equity Corp ("JAL") and Eran Salu, by and through their undersigned counsel and pursuant to Rule 12(b)(6), move to dismiss Counts II and III of the complaint of plaintiff Directional Advertising Solutions, Inc. d/b/a DAS Group ("DAS") and in support state as follows:

**INTRODUCTION**

Through this lawsuit, plaintiff DAS seeks to rewrite the terms of its November 2021 contract with defendant JAL. DAS agreed in that fully-integrated contract to sell its assets to JAL for the purchase price of $600,000 plus a potential additional earn-out payment of up to $300,000. DAS now alleges that Salu, JAL's principal, falsely represented that the purchase price was actually $2.3 million. DAS also alleges that Salu falsely represented that JAL "was not concerned with financials," and that Salu failed to disclose alleged information about his business practices and his intentions regarding the transaction with DAS. Even taken as true, these allegations fail to state a claim for fraudulent misrepresentation or negligent misrepresentation under Florida law.

Counts II and III of the complaint – *fraudulent and negligent misrepresentation, respectively* – should be dismissed for two separate and independent reasons. *First*, none of the misrepresentations and omissions DAS alleges are actionable under Florida law. The two alleged misrepresentations by Salu squarely contradict the plain terms of the parties' subsequent, fully-integrated written contract. The two alleged omissions by Salu are similarly meritless because Florida law imposes no duty to disclose on parties to an arms' length commercial transaction, and, in any event, DAS does not allege any duty to anchor its omission claims. *Second*, DAS does not satisfy the heightened pleading standard of Rule 9(b) because DAS does not allege the timing or location of the alleged misrepresentations and omissions, only that they occurred sometime and somewhere during "several meetings." While DAS might be able to cure that defect in an amended

pleading, the substantive defects in the particular omissions and misrepresentations alleged are beyond repair. This Court should dismiss Counts II and III of the complaint *with prejudice* accordingly.

## FACTS

Plaintiff DAS is a digital marketing firm specializing in local digital marketing programs for franchise organizations with national and regional multi-location brands.[1] In September 2020, DAS engaged a broker to assist DAS with the sale of its business.[2] A little more than a year later, on November 30, 2021, DAS and JAL entered into an Asset Purchase Agreement (the "APA") whereby JAL purchased all of the assets of DAS.[3]

The APA memorializes the purchase price for the transaction as well as the representations and warranties of DAS on which JAL relied in entering into the deal. Pursuant to Section 2.5(a) of the APA, DAS and JAL agreed that JAL would pay DAS a purchase price equal to $600,000 plus a potential additional "Earn-out" payment not to exceed $300,000.[4] JAL paid the $600,000 purchase price at closing.[5] Article III of the APA memorializes the representations, warranties and covenants of DAS and its two shareholders.[6] Among other things, DAS and its shareholders represented and warranted in Section 3.17 that they have disclosed to JAL "all facts that are material to the financial condition, operation, or prospects of the Business, and the Assets."[7]

The APA is a fully-integrated contract that contains "the entire agreement among the parties with respect to the Transaction" and supersedes "all previous oral and written and all

---

[1] Complaint [ECF No. 1] at ¶ 7.
[2] *Id*. at ¶ 9.
[3] *Id.* at ¶ 14, Exhibit A.
[4] *Id*. at ¶16; Exhibit A at §2.5(a), (b).
[5] *Id*. at ¶17; Exhibit A at §2.8.
[6] *Id*. at Exhibit A, Article III.
[7] *Id*. at Exhibit A, § 3.17.

contemporaneous oral negotiations, commitments and understandings."[8] Notwithstanding that, DAS alleges in its complaint that Mr. Salu and JAL induced DAS to enter into the APA through a series of alleged misrepresentations and omissions that occurred sometime during "several meetings" between Christina Parsons, CEO of DAS; Karen Korner, Secretary and Treasurer of DAS; and Salu.[9] DAS does not allege when or where the meetings occurred. Nor does DAS specify whether these meetings were conducted virtually, telephonically, or in person.

DAS asserts fraudulent misrepresentation and negligent misrepresentation claims based upon two alleged omissions and two alleged misrepresentations.[10] Although DAS does not allege that either Salu or JAL owed DAS any duty, DAS alleges that Salu failed to disclose "that he and JAL had a history of failing to pay companies the full amount of the purchase price for their assets when JAL purchases them."[11] DAS also alleges that Salu failed to disclose that "JAL never had any intention of paying DAS the full purchase price for its assets."[12] In addition to those alleged omissions, DAS alleges that Salu falsely represented to DAS that "JAL was purchasing Parsons' talent and was not concerned with the financials."[13] Finally, DAS alleges that Salu and JAL falsely "assured everyone that the purchase price was $2,300,000.00."[14]

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial

---

[8] *Id.* at Exhibit A, § 6.4.
[9] *Id.* at ¶¶11-13, 36.
[10] *Id.* at ¶¶11-13, 35-40, 41-46.
[11] *Id.* at ¶11.
[12] *Id.*
[13] *Id.* at ¶12; Parsons is DAS's then-CEO, who entered into an employment agreement with JAL as a result of JAL's acquisition of DAS.
[14] *Id.* at ¶13.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* While the general pleadings standard announced in Rule 8 does not require "detailed factual allegations," the plausibility standard requires a plaintiff to allege "more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.* at 678. Although the Court must accept well-pleaded factual allegations as true in reviewing a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*

Rule 9(b) mandates a heightened pleading standard for claims of fraud. "In alleging fraud. . .a party must state *with particularity* the circumstancing constituting fraud." Fed. R. Civ. P. 9(b) (emphasis added). In addition, "[i]n Florida, since negligent misrepresentation sounds in fraud, the facts supporting any claim must be pled with particularity." *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1342 (S.D. Fla. 2018) (internal quotations omitted). Thus, DAS is required to meet the heightened pleading standard set forth in Rule 9(b) for both claims of fraudulent and negligent misrepresentation. In order to survive a motion to dismiss, DAS must plead:

> (1) precisely what statements were made and what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the Plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008) (quotation omitted). The unspecific fraud and negligent misrepresentation claims DAS asserts in its complaint fall short of that standard. More fundamentally, for the reasons explained below, the particular omissions and

6

misrepresentations DAS alleges cannot sustain its claims as a matter of law. Dismissal is appropriate.

I. **DAS Fails to State a Misrepresentation Claim Based on An Omission Because DAS Does Not (and Cannot) Allege That JAL or Salu Owed Any Duty to Disclose**

DAS purports to assert misrepresentation claims based upon two alleged omissions by Salu. *First*, DAS alleges that Salu "failed to inform DAS that he and JAL had a history of failing to pay companies the full amount of the purchase price for their assets when JAL purchases them."[15] *Second*, DAS alleges that Salu "failed to inform DAS that JAL never had any intention of paying DAS the full purchase price for its assets."[16] Neither alleged omission is actionable.

Under Florida law, an alleged omission can only sustain a fraudulent or negligent misrepresentation claim if the defendant has a duty to disclose the information. *Kurimski v. Shell Oil Co.*, 570 F. Supp. 3d 1228, 1249 (S.D. Fla. 2021) (granting motion to dismiss). A duty to disclose "arises when one party has information that the other party has a right to know **because of a fiduciary or other relation of trust or confidence between them**." *Id.* (emphasis added). No relation of trust or confidence exists between two parties, like DAS and JAL, engaged in an arms' length commercial transaction. *Watkins v. NCNB Nat. Bank of Florida, N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993) (affirming dismissal of counterclaim because "nondisclosure of material facts in an arm's length transaction is not actionable misrepresentation"); *Temurian v. Piccolo*, 2019 WL 1763022 (S.D. Fla. 2019) (dismissing fraud claim with prejudice based on an alleged omission in an arms-length transaction); *Scolieri v. John Hancock Life Ins. Co. (U.S.A.)*, 2:16-CV-690-FTM-38CM, 2017 WL 700215, at *3 (M.D. Fla. Feb. 22, 2017) (granting motion to dismiss because "[m]ere 'nondisclosure of material facts in an arm's length transaction is not

---

[15] *Id*. at ¶ 11.
[16] *Id*.

actionable misrepresentation unless [some] ... artifice or trick [is employed] to prevent an independent investigation'").

DAS does not allege anywhere in its complaint that either JAL or Salu owed DAS a duty that could sustain a plausible misrepresentation claim based on an omission. That defect is fatal. *Kurimski*, 570 F. Supp. 3d at 1249; *Broward Motorsports of Palm Beach, LLC v. Polaris Sales, Inc.*, 2018 WL 1072211 at *5 (S.D. Fla. 2018) (dismissing fraudulent omission claim with prejudice because Florida law imposes no duty to act for the benefit of another contracting party in an arms-length transaction); *TransPetrol, Ltd. v. Radulovic*, 764 So.2d 878 (4th DCA 2000) (dismissing RICO claim based on an omission where Plaintiff failed to allege a duty to disclose in a series of arms-length transactions). Because commercial counterparties like JAL and DAS owe no duties of disclosure as a matter of Florida law, this Court should dismiss the fraudulent and negligent omissions claims DAS asserts *with prejudice*. *Behrman v. Allstate Ins. Co*, 388 F. Supp. 2d 1346 (S.D. Fla. 2005) (dismissing claims for fraudulent and negligent misrepresentation by omission *with prejudice* where plaintiff failed to allege a fiduciary or other confidential or contractual relationship of trust with defendants such that they owed him a duty of disclosure).

**II.    DAS Fails to State a Misrepresentation Claim Based on An Affirmative Misrepresentation Because The Misrepresentations DAS Alleges Contradict the Express Terms of the Parties' Fully-Integrated APA**

In addition to the two alleged omissions by Salu, DAS alleges two affirmative misrepresentations as bases for its fraudulent and negligent misrepresentation claims. Specifically, DAS alleges that Salu represented "that JAL was purchasing Parsons' talent and was not concerned

with the financials."[17] DAS also alleges that Salu "assured everyone that the purchase price was $2,300,000."[18] Neither allegation can sustain a misrepresentation claim here.

Under Florida law, a party cannot reasonably rely on any alleged misrepresentation that contradicts the express terms of a subsequent written agreement. *Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1295 (S.D. Fla. 2007) (granting motion to dismiss, *with prejudice*); *Linville v. Ginn Real Estate Co., LLC*, 697 F.Supp.2d 1302, 1308 (M.D. Fla. 2010) (dismissing misrepresentation claims with prejudice because reliance on alleged oral misrepresentations that contradict express terms of a contract is "unreasonable as a matter of law"); *Quintana v. Countrywide Home Loans, Inc.*, 09-20427-CIV, 2009 WL 10668318, at *9 (S.D. Fla. 2009) (same).

Both affirmative misrepresentations alleged by DAS contradict the express language of the APA. Salu's alleged misrepresentation that JAL "was not concerned with the financials" cannot be squared with the inclusion of Sections 3.17 and 3.18 of the APA. Section 3.17, "**Disclosure**," states:

> The information provided by Seller and Selling Shareholders in connection with this Agreement, including, without limitation, the schedules hereto, and in any other writing pursuant hereto does not and will not contain any untrue statement of a material fact or omit to state a material fact required to be stated herein or therein or necessary to make the statements and facts contained herein or therein, in light of the circumstances under which they are made, not false or misleading. Copies of all documents heretofore or hereafter delivered or made available by Seller to Company pursuant hereto were or will be complete and accurate records of such documents. Seller has disclosed to Company all facts that are material to the financial condition, operation, or prospects of the Business, and the Assets.

Ex. A at § 3.17 (emphasis added). Further, Section 3.18, "**Accuracy and Materiality of Representations, Warranties and Covenants**," likewise provides that:

> No representation, warranty or covenant of Seller and Selling Shareholders contained in this Agreement or any other document prepared by Seller and

---
[17] Compl. at ¶ 12.
[18] *Id.* at ¶ 13.

9

> <u>delivered to Company incident to this Agreement</u> contains any untrue statements of a material fact, or fails to state a material fact necessary in order to make the statements made in this Agreement or such document not misleading. <u>Each of the representations, warranties and covenants contained in this Section 3 shall be deemed to be material</u> to and have been relied upon by Company, and shall be binding and enforceable against Seller and Selling Shareholders.

*Id*. at § 3.18 (emphasis added). Read together, these two provisions explicitly state that "all facts that are material to the financial condition. . .of the Business" are "deemed to be material" to the APA itself. Furthermore, the *material*[19] representations and warranties listed above apply to documents delivered to JAS "incident to" the APA, as well as any "schedules" attached to the APA itself. Notably, Exhibit A to the APA contains a "List of Schedules" which includes a plethora of DAS's financial statements.[20]

Mr. Salu's alleged misrepresentation that the purchase price was $2.3 million is similarly disposed by contradictory language in the APA. Section 2.5 of the APA provides the parties' final agreement on the purchase price. Section 2.5 details that the purchase price consists of an immediate payment of $600,000[21] with potential Earn-out payments not to exceed $300,000, to be paid (if at all) on November 30, 2022, November 30, 2023, and November 30, 2024.[22] Where the APA makes clear that the agreed upon purchase price is $600,000, with the *potential* for DAS to earn additional an additional $300,000 within three years after closing, DAS's allegation that Mr. Salu verbally represented a contrary purchase price fails to state a fraudulent or negligent misrepresentation claim as a matter of law. Dismissal, *with prejudice*, is appropriate. *Garcia*, 528 F. Supp. 2d at 1295; *Linville*, 697 F. Supp.2d at 1308; *Quintana*, 2009 WL 10668318, at *9.

---

[19] As defined by the APA.
[20] The "List of Schedules" to the APA includes schedules for: Accounts Receivables, Customer Contracts, Prepaid Expenses, Excluded Accounts Receivable, Accounts Payables, Accrued Liabilities, Deferred Revenues, and Business Debt.
[21] Complaint at Exhibit A, §2.5(a).
[22] *Id*. at §2.5(b)(i)-(iii).

### III.  The Misrepresentation Claims Fail to Satisfy the Heightened Pleading Requirements of Rule 9(b)

The misrepresentation claims asserted by DAS should also be dismissed for the separate and independent reason that they are not pled with the specificity Rule 9(b) requires.

Rule 9(b) requires a plaintiff to plead facts alleging "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff[]; and (4) what the defendants gained by the alleged fraud." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1216 (11th Cir. 2020) (internal quotation and citation omitted).

DAS does not indicate, let alone specify, the time or place of any supposed misrepresentation. Instead, DAS vaguely asserts that they occurred over "several meetings."[23] That is not sufficient. "The plaintiff's complaint must allege the details of the defendants allegedly fraudulent acts, when they occurred, and who engaged in them." *Cooper v. Blue Cross and Blue Shield of Florida, Inc.*, 19 F.3d 562, 568 (11th Cir. 1994) (citation omitted). DAS is required to plead the time and place of each alleged misrepresentation. *Scaturro v. Seminole Cas. Ins. Co.*, 542 F. Supp. 2d 1290, 1298 (S.D. Fla. 2008) (dismissing fraud claim because vague allegations of solicitations that occurred "regularly" between May 2002 and 2007 were insufficiently precise under Rule 9(b)); *Milana v. Eisai, Inc.*, 8:21-CV-831-CEH-AEP, 2022 WL 846933 (M.D. Fla. 2022) (dismissing fraud claim as insufficient under Rule 9(b) where plaintiff alleged that purported fraud occurred "at some point, or points"). Because DAS does not plead facts indicating when and where these "several meetings" took place, the complaint falls short of what Rule 9(b) requires. Dismissal is appropriate.

---

[23] *Id.* at ¶11-13.

11

**CONCLUSION**

DAS fails to state a cognizable claim for fraudulent or negligent misrepresentation because DAS fails to allege that JAL or Salu had any duty to disclose the allegedly omitted information and because the alleged misrepresentations contradict the express terms of the parties' fully integrated APA. DAS cannot cure these fatal defects. Florida law imposes no duty to disclose on parties to an arms' length commercial transaction. The APA memorializes the parties' agreement on price and JAL's reliance on the accuracy of the financial information provided by DAS. Defendants JAL and Salu therefore respectfully request that this Court dismiss Counts II and III of the Complaint (fraudulent misrepresentation and negligent misrepresentation, respectively), *with prejudice*.

Dated: March 28, 2024

Respectfully submitted,

/s/ *Daniel C. Mazanec*
Daniel C. Mazanec, Esq.
Florida Bar No. 887387
dan@pag.law
Kristy L. Rich
Florida Bar No. 1050752
kristy@pag.law
PAG LAW, PLLC
Four Seasons Tower
1441 Brickell Avenue, Suite 1120
Miami, FL 33131
Tel. 786.292.1599

*Counsel for Defendants*
*JAL Equity Corp and Eran Salu*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Daniel C. Mazanec*