UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60450-CIV-DAMIAN/Valle

DIRECTIONAL ADVERTISING
SOLUTIONS, INC., d/b/a
DAS GROUP, *et al.*,

    Plaintiffs,
v.

JAL EQUITY CORP,
a Nevada Corporation, *et al.*,

    Defendants.
_____/

**ORDER DIRECTING PARTIES TO RE-FILE STIPULATION OF DISMISSAL**

    **THIS CAUSE** came before the Court on the parties' Joint Stipulation and Motion for Voluntary Dismissal With Prejudice Conditioned Upon this Court Entering an Order Reserving Jurisdiction [ECF No. 37 (the "Joint Stipulation")], filed March 24, 2025.

    The relief requested in the Joint Stipulation is evident from its title. That is, the parties seek dismissal given their settlement of the claims in this case and condition the effectiveness of the Joint Stipulation on this Court retaining jurisdiction. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279–81 (11th Cir. 2012) ("[F]or a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue an order retaining jurisdiction . . . prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction."). Nevertheless, the parties have not submitted a copy of the settlement agreement for Court approval, and the undersigned will not retain jurisdiction over a

settlement agreement it has not seen or approved. Nor do the parties explain the need for the Court to retain jurisdiction. Accordingly, it is

**ORDERED** that the parties may re-file a joint stipulation of dismissal by **April 7, 2025**, and either attach a copy of their settlement agreement or specify the basis for the need for the Court to retain jurisdiction and for how long or remove their request that the Court retain jurisdiction. If, by that date, the parties choose not to re-file the stipulation or request an extension of time within which to do so, the Court will presume that the request to retain jurisdiction has been withdrawn and will dismiss the case without notice. If the parties move to file their settlement agreement under seal, they must explain how their interest in the privacy of their agreement outweighs the public's right of access.

**DONE AND ORDERED** in Chambers at the Southern District of Florida this 2nd day of April, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record